# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2291

_____

Nat Levy,                                          *
                                                   *
            Appellant,                             *
                                                   *    Appeal from the United States
     v.                                            *    District Court for the
                                                   *    Eastern District of Missouri.
Donald J. Ohl, William J. Knapp,                   *
L. David Green, and Merilyn Hamlett,               *
                                                   *
            Appellees.                             *

_____

Submitted: November 17, 2006
Filed:  February 26, 2007

_____

Before MURPHY, ARNOLD, and BENTON Circuit Judges.

_____

BENTON, Circuit Judge.

Nat Trevor Levy sued Donald J. Ohl, William J. Knapp, L. David Green, and Merilyn Hamlett in Missouri state court, claiming malicious prosecution. After removal under diversity jurisdiction, defendants moved to dismiss for failure to state a claim. The district court[1] agreed. Levy appeals. Having jurisdiction under 12 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri.

## I.

On November 15, 2005, Dr. Levy sued Hamlett and her former attorneys, Ohl, Knapp, and Green (collectively Ohl), for malicious prosecution under Missouri law. In the case underlying Levy's suit, in February 2001, Hamlett sued various medical providers, including Levy and Missouri Baptist Medical Center (where Levy worked). In November 2002, Hamlett dismissed Levy without prejudice, never reinstating a case against him. In July 2003, Hamlett and the Medical Center made a confidential settlement agreement that released the Medical Center as well as its agents and employees. On August 20, a Joint Stipulation for Dismissal with Prejudice was filed in state court. The stipulation provided that the case "be dismissed with prejudice as to any other or future action on account of the matters and things contained and set forth in Plaintiff's Petition." On August 21, the court accepted the stipulation in its entirety and ruled accordingly.

In the present case, Hamlett and Ohl moved for dismissal, asserting that the statute of limitations had run and that the underlying case did not terminate in Levy's favor, as required by Missouri law. Ohl also claimed that Levy failed to allege sufficiently the legal malice necessary for a malicious prosecution claim against an attorney. Hamlett and Ohl together attached 14 exhibits to their motions. Levy opposed dismissal and moved to strike the exhibits.

The district court denied the motion to strike, taking judicial notice of public record exhibits and accepting exhibits relevant to the underlying lawsuit referenced in Levy's complaint. Finding that the statute of limitations had expired, the court dismissed with prejudice as to all defendants. Levy appeals, asserting that he pled all elements of a malicious prosecution claim, and that the district court erred in relying upon matters outside the pleadings and in concluding the statute of limitation had run.

-2-

II.

This court reviews *de novo* the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ***Botten v. Shorma***, 440 F.3d 979, 980 (8th Cir. 2006). The court assumes as true all factual allegations of the complaint. ***Abels v. Farmers Commodities Corp.***, 259 F.3d 910, 914 (8th Cir. 2001). "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." ***DuBois v. Ford Motor Credit Co.***, 276 F.3d 1019, 1022 (8th Cir. 2002). "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." ***Conley v. Gibson***, 355 U.S. 41, 45-46 (1957).

A.

Dr. Levy contends the district court erred in denying his motion to strike and reviewing matters outside the complaint. Specifically, the court reviewed state filings and the confidential settlement document, as well as Hamlett's affidavit authenticating documents. The parties do not dispute the authenticity of the documents, but Levy questions their legal effect. He also attacks the court's failure to convert the motion to dismiss to one for summary judgment.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is "not precluded in [its] review of the complaint from taking notice of items in the public record." ***Papasan v. Allain***, 478 U.S. 265, 269 n.1 (1986); ***Stahl v. U.S. Dep't of Agric.***, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"). "In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters

-3-

in support of or opposition to the motion.... Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion." ***Nixon v. Coeur D'Alene Tribe***, 164 F.3d 1102, 1107 (8th Cir. 1999). In Missouri, as in other states, court records are public records. *See **Nixon v. Warner Communications, Inc.**,* 435 U.S. 589, 597-98 (1978); ***Pulitzer Publ'g Co. v. Transit Cas. Co.***, 43 S.W.3d 293, 300-01 (Mo. banc 2001); ***R.S. Mo. §§ 109.180, 476.010***. In this case, the district court need only have relied upon the state court's record of the dismissal with prejudice in the underlying suit – a public document – to rule that Levy's malicious prosecution claim was barred by the statute of limitations. *Compare **BJC Health Sys. v. Columbia Cas. Co.***, 348 F.3d 685, 687-88 (8th Cir. 2003) (district court erred in relying on matters outside the pleading that were not public documents).

The district court, therefore, did not err in denying Levy's motion to strike and in relying upon a public record, the state court dismissal. It was not necessary to convert the motion to dismiss to one for summary judgment. The district court's review of additional documents, if error, is harmless. *See **Country Club Estates, L.L.C. v. Town of Loma Linda**,* 213 F.3d 1001, 1005 (8th Cir. 2000) (error is harmless if countervailing evidence is not available).

## B.

Dr. Levy next asserts error regarding the statute of limitation. He contends because he was dismissed without prejudice during the underlying suit in November 2002, the two-year statute of limitation began one year later in November 2003. He relies on the one-year savings statute, R.S. Mo. § 516.230, which (he reasons) allowed Hamlett one year after dismissal without prejudice to re-file against him, thus extending the limitations period. *See **R.S. Mo. § 516.230*** (after a nonsuit, plaintiff may commence a new action within one year). Under Levy's theory, he could not have sued Hamlett and Ohl until November 2003, which then triggers his two-year

-4-

period. His contention fails because the underlying case was *entirely* dismissed with prejudice in August 2003, causing the two-year statute of limitation to end in August 2005.

"The applicable statute of limitations for claims of malicious prosecution provides, in pertinent part, that an action ... shall be brought within two years. The statute of limitations begins to run when [the] plaintiff's right to sue arises, or in other words, when the plaintiff could first maintain his cause of action successfully." ***Doyle v. Crane***, 200 S.W.3d 581, 585-86 (Mo. App. 2006) (internal citations omitted). The claim "arises when the underlying proceeding forming the basis of the claim terminates in the plaintiff's favor. Termination is effected by a final judgment on the merits, *a dismissal by the court with prejudice, or by abandonment of the action*." ***Arana v. Reed***, 793 S.W.2d 224, 226 (Mo. App. 1990) (emphasis added) (internal citations omitted). In this case, the final terminating act was the dismissal with prejudice, which occurred in August 2003. *See **id**.* (voluntary dismissal constituting dismissal with prejudice is abandonment of the action). Thus, temporally, Levy could have brought the present suit from August 2003 to August 2005. He failed to do so, commencing this case in November 2005.

Levy alternatively claims that the statute of limitation began to run in August 2004, one year after the underlying case was dismissed with prejudice, and that this period ended in August 2006. He again invokes the savings statute, R.S. Mo. § 516.230. The savings statute is, however, inapplicable here where the underlying suit is dismissed with prejudice, not by nonsuit. *See **id**.* at 225-26 (dismissal with prejudice ends all litigation in the matter); ***Pennyrich, Inc. v. Lawton Byrne Bruner Ins. Agency,*** 613 S.W.2d 473, 474 (Mo. App. 1981) (dismissal with prejudice is not sufferance of nonsuit).

Levy further objects that he was not named in the August 2003 dismissal, did not receive a copy of it, and only became aware of it during the present action. These

arguments do not extend Missouri's statute of limitation in this case. *See Meadowbrook Country Club v. Davis*, 384 S.W.2d 611, 613 (Mo. 1964) (once brought into court, a party is chargeable with notice of all subsequent steps taken in the case, including the judgment, although he does not in fact appear and has no actual notice thereof). In Missouri, a plaintiff voluntarily may dismiss her case, with or without prejudice, without order of the court or consent of adverse parties, at any time prior to the introduction of evidence at trial. *Richman v. Coughlin*, 75 S.W.3d 334, 337-39 (Mo. App. 2002) (plaintiff may voluntarily dismiss case with prejudice under Rule 67.02(a)). Because his consent to Hamlett's dismissal with prejudice was not necessary, this also resolves Levy's assertion that he should not be bound because his former co-defendants did not have authority to act for him in settling and moving to dismiss the underlying case.

Importantly, the state court dismissal provided the entire "cause shall be dismissed with prejudice and any other future action on account of the matters and things contained and set forth in Plaintiff's Petition." Levy was a defendant in the petition and subject matter of that case. The preclusive effect of dismissal with prejudice, therefore, bars subsequent action by Hamlett against him. *See Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 804 (8th Cir. 2006) ("Under Missouri law, a prior judgment bars a subsequent claim arising out of the same group of operative facts"); *Chesterfield Vill., Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318-19 (Mo. banc 2002) (*res judicata* includes not only those issues on which the court in the former case passed judgment but to every point properly belonging to the subject matter of the former litigation); *James v. Paul*, 49 S.W.3d 678, 684 (Mo. banc 2001) ("Missouri permits use of a prior judgment to preclude relitigation of an issue even though the party asserting collateral estoppel was not a party to the prior case").

The judgment of the district court is affirmed.

_____