# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1145

_____

| | | |
|---|---|---|
| William G. Carter, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Julia Hassell; Dillian Hogan, | * | Eastern District of Missouri. |
| | * | |
| Appellees, | * | [UNPUBLISHED] |
| | * | |
| Janet Sidebottom, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Jennifer Chamberlin; Alan Blake, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 6, 2008
Filed: March 12, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

William G. Carter, who is civilly committed to the Missouri Sexual Offender Treatment Center (MSOTC), appeals the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal of his 42 U.S.C. § 1983 complaint against MSOTC

employees Julia Hassell, Dillian Hogan, Jennifer Chamberlin, and Alan Blake.  For the reasons stated below, we affirm in part, reverse in part, and remand the case to the district court.

Reviewing the dismissal de novo, Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (pleading standard to avoid Rule 12(b)(6) dismissal); Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (standard of review), we hold that dismissal of Carter's claims against Blake was proper, because Blake could not be held liable for the conduct alleged, see Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (§ 1983 liability requires personal involvement in or direct responsibility for actions resulting in violation).  In addition, it was proper to dismiss Carter's claim against Chamberlin, because the allegations are insufficient to describe the violation of a constitutional right.  See Bell Atl. Corp., 127 S. Ct. at 1964-69 (factual allegations of complaint must do more than state speculative right to relief on assumption that all allegations in complaint are true; complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory).

Likewise, Carter's allegation that Hogan "sexual[ly assault[ed]" him by touching him "around his genital area" are too vague and nonspecific to raise a section 1983 Fourth Amendment claim that the touching constituted an unreasonable search, i.e., one the scope of which was not warranted by its purpose.

We further conclude that the court correctly denied Carter's motion for default judgment, see Fed. R. Civ. P. 12(a)(1)(A)(ii), (a)(4) (defendants who timely waive service must serve answer within 60 days; if defendant serves motion under Rule 12, period for filing responsive pleading is extended to 10 days after court decides motion), and did not abuse its discretion in denying Carter's motions for appointed counsel, see Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (standard

of review and factors); <u>Davis v. Scott</u>, 94 F.3d 444, 447 (8th Cir. 1996) (trial court has broad discretion in deciding whether to appoint counsel to indigent civil litigant).[1]

We conclude, however, that Carter's allegations are sufficient to state a section 1983 excessive force claim against Hassell. <u>See</u> <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (per curiam) (pro se complaints should be liberally construed). Carter alleged that Hassell hit him with a walkie-talkie "for no justified reason" and injured him, facts that do not facially show that the force Hassell used was reasonably necessary under the circumstances. <u>See</u> <u>Andrews v. Neer</u>, 253 F.3d 1052, 1061 & n.7 (8th Cir. 2001) (setting forth elements of excessive-force claim and applying "objective reasonableness" standard to such claims brought by civilly committed individuals; listing relevant factors for determining if force was excessive); <u>Ring v. First Interstate Mortgage, Inc.</u>, 984 F.2d 924, 926 (8th Cir. 1993) (dismissal is appropriate only in unusual case where plaintiff includes allegations showing on face of complaint there is some insuperable bar to relief). The facts Carter alleged also fairly imply that Hassell struck Carter on purpose, and thus they state an assault-and-battery claim under Missouri law. <u>See</u> <u>Phelps v. Boss</u>, 73 S.W.3d 651, 656 (Mo. Ct. App. 2002) (discussing elements of state assault-and-battery claim).

The dismissal of Carter's claims against Blake, Chamberlin, and Hogan is affirmed. The dismissal of the claim against Hassell is reversed, and the case is remanded to the district court for further proceedings.

———————————————————

[1]Carter also complains that the district court failed to issue a case management order notifying Carter about when he could amend his complaint, but Carter could have amended his complaint at any time. <u>See</u> Fed. R. Civ. P. 15(a) (party may amend party's pleading once as matter of course before responsive pleading is filed).