# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3149

_____

Jay Potter; Connie Potter; American     *
RV Park, Inc.,     *
    *
         Appellants,     *
    *    Appeal from the United States
       v.     *    District Court for the
    *    Western District of Arkansas.
Tontitown, City of; Tontitown     *
Planning Commission; Tontitown     *    [UNPUBLISHED]
Water and Sewer Commission;     *
Washington County Election     *
Commission; Mick Wagner,     *
    *
         Appellees.     *

_____

Submitted: October 31, 2008
Filed: January 12, 2009

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jay and Connie Potter and American RV Park, Inc. (the Potters) appeal the district court's[1] order dismissing their civil rights lawsuit under Federal Rule of Civil Procedure 12(b)(6). Contrary to the Potters' assertion, the district court did not

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

convert the Rule 12(b)(6) motion into one for summary judgment. See Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (public records, such as court records, may be considered in deciding Rule 12(b)(6) motion); Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006) (per curiam) (written instruments attached to complaint are part of it for all purposes, and may be considered in ruling on Rule 12(b)(6) motion). Having carefully considered the Potters' arguments for reversal, we agree with the district court that the conduct they described does not rise to the level of a substantive due process violation, and that their allegations indicated the identified parties were not similarly situated in all relevant respects, so as to state an equal protection claim.[2] See Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1964-65 & n.3 (2007) (factual allegations must be sufficient to show more than just speculative right to relief; complaint must contain more than labels and conclusions or "formulaic recitation of the elements of a cause of action"); Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.) (reviewing de novo dismissal for failure to state claim, taking all facts alleged in complaint as true), cert. denied, 77 U.S.L.W. 3052 (U.S. Oct. 6, 2008) (No. 08-48). The district court also did not err by declining to exercise jurisdiction over the state law claims, and dismissing them without prejudice. See Gibson v. Weber, 433 F.3d 642, 647 (8th Cir. 2006) (Congress clearly gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state-law claims once all federal claims have been dismissed). Accordingly, we affirm. See 8th Cir. R. 47B.

_____

_____

[2]The Potters have waived their other federal claims. See Griffith v. City of Des Moines, 387 F.3d 733, 739 (8th Cir. 2004).