# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2144

_____

Stephen Walter Solors,                        *
                                              *
            Appellant,                        *
                                              *   Appeal from the United States
      v.                                      *   District Court for the
                                              *   District of Minnesota.
Jim Warta; Jim Chamberlin; Keith              *
Pohl; Gregory Verkuilen; Julie Olson;         *
Lisa Woog; Aaron Patrick; Keith               *
Haggestad; Donald F. Ryan; John J.            *   [UNPUBLISHED]
Sausen, Assistant County Attorney;            *
Rockwell J. Wells; Tim Pickar; Lori           *
Swanson; Lyman Whitney,                       *
                                              *
            Appellees.                        *

_____

Submitted:  February 22, 2010
Filed:  February 25, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Stephen Solors appeals from the judgment of the District Court[1] dismissing his civil rights action against individuals who allegedly interfered with a driveway construction project on his land. Following careful review, we conclude that the District Court did not abuse its discretion in dismissing Solors's claims based on abstention principles. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (noting that Supreme Court precedents "espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances"); see also Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir. 2005) (standard of review); State v. Solors, No. A09-127, 2010 WL 10381 (Minn. Ct. App. Jan. 5, 2010) (unpublished) (appeal from the state proceeding against Solors). We also agree with the District Court that Solors failed to state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding that district court properly dismissed plaintiffs' restraint-of-trade complaint because their claim was not plausible on its face); Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (de novo standard of review). Finally, the District Court did not abuse its discretion in denying Solors's motions for a default judgment. See Fed. R. Civ. P. 12(a)(4)(A) (extending the time for serving a responsive pleading while a motion is pending in the district court); Norsyn, Inc. v. Desai, 351 F.3d 825, 828 (8th Cir. 2003) (standard of review).

Accordingly, we affirm.

_____

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.