# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2577

_____

Matthew King,

       Appellant,

v.

William Barton, Unit Program
Supervisor, Officially and
Individually; Paula Moyers, Nurse,
Officially and Individually; Scott
Jordan, Unit Manager, Officially and
Individually,

       Appellees.

Appeal from the United States
District Court for the
Eastern District of Missouri.

[UNPUBLISHED]

_____

Submitted: December 29, 2011
Filed: February 15, 2012

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Civil detainee Matthew King appeals the district court's dismissal of his 42 U.S.C. § 1983 action. We affirm in part as to King's official-capacity claims and individual-capacity claim against Paula Moyers, but reverse and remand regarding King's individual-capacity claims against William Barton and Scott Jordan.

King alleged that defendants, who all either worked in or supervised King's housing ward while King was incarcerated by the Missouri Department of Mental Health, violated the Fourteenth Amendment by failing to protect him from an assault by fellow wardmate Lujuan Tucker. The district court dismissed his claims under Federal Rule of Civil Procedure 12(b)(6), finding that King failed to state an official-capacity claim, and that defendants were entitled to qualified immunity on King's individual-capacity claims. After careful review, we conclude King's official-capacity claims were barred. See Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (de novo review of Rule 12(b)(6) dismissals); Treleven v. Univ. of Minn., 73 F.3d 816, 818 (8th Cir. 1996); Nix v. Norman, 879 F.2d 429, 432-33 (8th Cir. 1989).

When presented in a Rule 12(b)(6) motion, a qualified immunity defense must appear on the complaint's face. See Mathers v. Wright, 636 F.3d 396, 399 (8th Cir. 2011). With respect to King's individual-capacity claim against Moyers, we conclude that the facts alleged cannot support an inference that she acted with deliberate indifference to a substantial risk of serious harm to King. See Nelson v. Shuffman, 603 F.3d 439, 446 & n.3 (8th Cir. 2010). King alleged that Moyers responded to the risk of assault by informing Barton, her superior, of Tucker's initial threat and King's desire to change housing wards. See Norman v. Schuetzle, 585 F.3d 1097, 1107 (8th Cir. 2009) (no failure-to-protect violation where prison official knew of threats made against inmate but only informed supervisor and noted them in logbook).

However, we conclude that King's allegations as to Barton and Jordan sufficiently alleged constitutional violations, precluding the application of qualified immunity at this juncture. First, King alleged facts raising a plausible inference that defendants' failure to act left King in substantial risk of serious harm: Tucker had a violent history and a reputation for carrying out his threats; he threatened King numerous times; King feared Tucker's threats enough to report them, and Tucker's proximity enough to request a move; and Tucker assaulted King. See Nelson, 603 F.3d at 447 (substantial risk of serious harm may exist where inmate with violent

history made threats against plaintiff); <u>Young v. Selk</u>, 508 F.3d 868, 872 (8th Cir. 2007) (fact that inmate believed risk was sufficiently serious that he repeatedly reported threats by another inmate and requested housing transfer to avoid threatener may support substantial-risk element); <u>Jensen v. Clarke</u>, 94 F.3d 1191, 1198 (8th Cir. 1996) (assault by fellow inmates constitutes "serious harm"); <u>cf.</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 845-47 (1994) (plaintiff may possess viable failure-to-protect claim without sustaining serious harm).

Second, King alleged facts raising a plausible inference that Barton and Jordan knew of the risk posed by Tucker, but did not respond to it. As to Barton, King alleged Barton knew about Tucker's threats and King's safety concerns based on his conversation with Moyers and his denial of King's move request; he knew of Tucker's violent propensities, through reputation and because he had twice found Tucker guilty of "assaultive behavior" violations; and he did nothing to prevent Tucker's assault on King. As to Jordan, King alleged that he knew Tucker had violent tendencies and had assaulted King in the past; he knew Tucker was threatening King, because he read daily reports that would have contained each threat King reported; and he did nothing to prevent Tucker's assault on King. <u>See</u> <u>Nelson</u>, 603 F.3d at 447 (defendant's knowledge of substantial risk may be inferred through circumstantial evidence); <u>see also</u> <u>Brown v. Budz</u>, 398 F.3d 904, 913-16 (7th Cir. 2005) (allegations of defendant's knowledge are viewed liberally; it is sufficient to allege defendant was forewarned of attack).

Accordingly, we reverse the dismissal of King's individual-capacity claims against Barton and Jordan; we affirm the district court's dismissal of King's other claims; and we remand for further proceedings in accordance with this opinion.

_____

-3-