# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3704

_____

Robert L. Rutz

*Plaintiff - Appellant*

v.

Discover Financial Services; National Arbitration Forum, Inc.; National
Arbitration Forum, LLC; Dispute Management Services, LLC, doing business as
Forthright; Accretive, LLC; Agora

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 26, 2013
Filed: May 1, 2013
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In this action seeking to overturn an adverse arbitration decision regarding domain names, Robert Rutz appeals the district court's[1] dismissal of his claims. Upon careful de novo review, *see Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (Fed. R. Civ. P. 12(b)(6) dismissal is reviewed de novo), we agree with the district court that Rutz failed to state a claim under 15 U.S.C. § 1114(2)(D)(v), because his own complaint allegations precluded a finding that his relevant conduct was not unlawful under the Lanham Act. *See* 15 U.S.C. § 1114(2)(D)(v) (domain-name registrant whose domain name has been, inter alia, transferred under implementation of registrar's reasonable policy prohibiting registration of domain name that is identical to, confusingly similar to, or dilutive of another's mark may, upon notice to mark owner, file civil action to establish that registrant's domain-name registration or use was not unlawful under Lanham Act). We further agree that Rutz failed to state a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO). *See Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) (RICO claim requires plaintiff to show conduct of enterprise through pattern of racketeering activity); *see also* 18 U.S.C. § 1961(1) (defining "racketeering activity"). Finally, we agree that he failed to state either a contract claim or a tort claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (although pro se complaints are to be construed liberally, they still must allege sufficient facts to support claims advanced). We thus affirm. *See* 8th Cir. R. 47B.

————————————————

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.