# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2106
_____

Prince Song Cambilargiu

*Plaintiff - Appellant*

Randal S. Brinkman; Carol M. Brinkman

*Plaintiff*s

v.

Bank of America, National Association, as successor by merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing LP; Federal National Mortgage Association; Great Southern Bank; Does 1-20

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 19, 2013
Filed: December 30, 2013
[Unpublished]

_____

Before WOLLMAN, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Prince Song Cambilargiu appeals the district court's[1] dismissal of his complaint and denial of injunctive relief. After careful de novo review, we affirm. See Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (standard of review).

Cambilargiu, Randal Brinkman, and Carol Brinkman filed this action in Minnesota state court, and the named defendants removed the case to federal court. Plaintiffs claimed that Bank of America (BOA) unlawfully foreclosed the Brinkmans' mortgage because BOA did not hold valid title to the promissory note secured by the mortgage; and that Cambilargiu redeemed the property under Minnesota Statute § 580.23, and paid the Brinkmans' second mortgage with Great Southern Bank (GSB), by tendering valid draft instruments to BOA and GSB.

We hold that the district court properly dismissed the claims challenging the validity of BOA's foreclosure. These claims were litigated in the Brinkmans' first lawsuit challenging BOA's foreclosure, and thus were barred by res judicata. See Brinkman v. Bank of Am., No. 11-cv-3240 (D. Minn. Aug. 17, 2012); see also Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508-09 (2001) (Minnesota law governs res judicata analysis); Rucker v. Schmidt, 794 N.W.2d 114, 117-18 (Minn. 2011) (elements of res judicata). Moreover, the show-me-the-note theory asserted in these claims has been routinely rejected by courts interpreting Minnesota law. See Butler v. Bank of Am., 690 F.3d 959, 962-63 (8th Cir. 2012).

The district court also properly concluded that Cambilargiu's draft instruments were invalid because they were not drawn on a bank, contained no drawee, and conditioned payment upon the passage of 50 years. See Minn. Stat. §§ 336.3-103, 336.3-104, 336.3-106. The documents instead were third-party promises to pay the

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Brinkmans' debt in 50 years, which BOA and GSB were free to reject. Accordingly, the claims premised on the validity of these drafts were properly dismissed.

The judgment is affirmed.

_____