# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3680

_____

Henry Roe,

*Plaintiff - Appellant,*

v.

State of Nebraska; John and Jane Does 1-10,

*Defendants - Appellees.*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 16, 2016
Filed: June 30, 2017

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Henry Roe, proceeding under a pseudonym, asserts that his true name and picture mistakenly appeared on the Nebraska State Patrol's online sex offender registry. He sued the State of Nebraska and ten unnamed state employees for damages, alleging negligence, unlawful taking of property for public use under Nebraska law, and a deprivation of federal rights under 42 U.S.C. § 1983. The

district court[1] dismissed all of Roe's claims as either insufficiently pleaded or barred by the statute of limitations. We affirm.

I.

Roe asserts that the State erroneously listed him on its public sex offender registry sometime in early 2010. This allegedly happened because "Roe was given an incorrect classification by the State of Nebraska." Roe discovered the wrong "shortly after December 23, 2011." Roe asserts that the error damaged his reputation and employability.

Roe filed a tort claim with the Nebraska State Claims Board on December 23, 2013. When the Board failed to address his claim within six months, Roe withdrew it (as permitted by statute) and sued in Nebraska state court. *See* Neb. Rev. Stat. § 81-8,213. The State and its unnamed employees removed the case to federal court. Shortly thereafter, Roe filed an amended complaint.

Roe's amended complaint raised several claims: negligence under the Nebraska State Tort Claims Act, unlawful taking of property for public use under the Nebraska Constitution and a Nebraska statute, and violations of the Federal Constitution under 42 U.S.C. § 1983. Roe sought money damages from the State and from state employees in their official and individual capacities. The district court granted the defendants' motion to dismiss the complaint. The court dismissed the official-capacity § 1983 claims and the § 1983 claims against the State for lack of subject matter jurisdiction and determined that the remaining allegations failed to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6). We review the judgment *de novo*.

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

## II.

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it alleges facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[s]pecific facts" are not required, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), bare assertions or "formulaic recitation[s]" of the elements are not enough to state a claim. *Twombly*, 550 U.S. at 555.

## A.

The district court dismissed Roe's negligence claim on two grounds: that the claim was barred by the statute of limitations and that Roe failed to state a claim upon which relief could be granted. We conclude that even if Roe's pleading was sufficient to state a claim of negligence against the defendants, his claim is barred by the two-year statute of limitations of the Nebraska State Tort Claims Act. *See* Neb. Rev. Stat. § 81-8,227.[2]

The statute of limitations under the State Tort Claims Act begins to run when the plaintiff "discovers, or in the exercise of reasonable diligence should discover, the existence of the injury." *Shlien v. Bd. of Regents of Univ. of Neb.*, 640 N.W.2d 643, 651 (Neb. 2002). The record shows that Roe knew about his alleged injury more than two years before he filed his claim with the Claims Board in December 2013. The defendants attached to their motion to dismiss a transcript of testimony that Roe

---

[2]Roe's amended complaint alleged that the unnamed state employees' negligent actions were taken within the scope of their employment, so any tort claim against the employees must be brought under the State Tort Claims Act. *See D.M. v. State*, 867 N.W.2d 622, 632 (Neb. Ct. App. 2015).

presented before a committee of the Nebraska Legislature on March 16, 2011.  In that testimony, Roe acknowledged learning through a neighbor in spring 2010 that his name and picture appeared on the State's sex offender registry.  The district court cited the transcript and evidently took judicial notice of the public record.  *See* Fed. R. Evid. 201.

In addressing a motion to dismiss, "[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record."  *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (alteration in original) (internal quotation marks omitted).  A district court may consider these materials without converting the defendant's request to a motion for summary judgment.  *Levy v. Ohl*, 477 F.3d 988, 991-92 (8th Cir. 2007).  Roe does not argue that it was improper for the court to rely on his public testimony, so we consider the transcript as part of the record on the motion.

Roe does contend, however, that his testimony is consistent with a timely negligence claim.  He asserts that although he knew in spring 2010 and March 2011 that his name and image appeared on the registry, he did not know that he was *incorrectly* listed.  And without knowledge that the listing was erroneous, Roe argues, he did not recognize that he had a legal claim against the State.

Nebraska's discovery rule does not delay the accrual of a claim until a plaintiff knows the legal significance of an injury.  Roe admits that he knew as of March 2011 (or earlier) that he was injured by his appearance on the sex offender registry.  With the exercise of reasonable diligence, he could have and should have discovered that state law did not provide for his listing on the public registry at that time.  That he did not discover his legal claim until later is an insufficient reason to delay the accrual of his claim.

Roe also asserts that the defendants' negligence was a "continuing course of conduct," so that the statute of limitations did not expire as long as his name and image continued to appear on the website. This argument misconstrues Nebraska's continuing tort doctrine. Under Nebraska law, "the continuing ill effects of prior tortious acts" are insufficient to extend the statute of limitations. *Alston v. Hormel Foods Corp.*, 730 N.W.2d 376, 381 (Neb. 2007). The mere "failure to right a wrong" that occurred outside the limitations period is not a tortious act that restarts the statute of limitations. *Id.* "In Nebraska, the continuing tort doctrine does not delay when claims based on continuing torts accrue. . . . It simply allows claims to the extent that they accrue within the limitations period." *Anthony K. ex rel. Ashley K. v. Neb. Dep't of Health & Human Servs.*, 855 N.W.2d 788, 800-01 (Neb. 2014) (internal citation and quotation omitted). Roe does not allege that state employees committed a tortious act within the limitations period; he pleaded that the tortious act—the incorrect classification of Roe as an offender who should be listed on the registry—occurred on or before December 23, 2011. Accordingly, the district court correctly ruled that the negligence claim was untimely.

B.

Roe next alleged unlawful takings of property under the Nebraska Constitution and Nebraska Revised Statute § 76-705. The state constitution declares that "[t]he property of no person shall be taken or damaged for public use without just compensation therefor." Neb. Const. art. I, § 21. The statute provides that "[i]f any condemner shall have taken or damaged property for public use without instituting condemnation proceedings," then the condemnee may petition a county judge for damages. Neb. Rev. Stat. § 76-705. Roe did not adequately plead a claim based on these provisions. Roe's amended complaint asserts that conduct by the State and its employees "damaged property owned by Plaintiff" and "deprived Plaintiff of the use of their [*sic*] property." He does not allege, however, that his residence or other

property was taken or damaged *for public use*. The district court properly dismissed the takings claims.

C.

Roe brought § 1983 claims for money damages against the State and the unnamed employees in their official capacities. Nebraska has not waived sovereign immunity nor did Congress abrogate states' sovereign immunity in § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-67, 71 (1989), so the district court correctly dismissed these claims as barred by the Eleventh Amendment. Roe argues that he might seek injunctive relief in the future, but his amended complaint did not seek that form of relief. The district court properly dismissed under Rule 12(b)(1) the official-capacity claims and the claim against the State as they were pleaded.

Roe also brought § 1983 claims against the unnamed state employees in their individual capacities. The amended complaint asserted violations of the First, Sixth, Eighth, and Fourteenth Amendments. The district court did not address the sufficiency of the constitutional claims, but dismissed the § 1983 claims on the ground that Roe did not make allegations specific enough to permit identification of the unnamed defendants after reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

Roe does not develop any argument on appeal that the amended complaint is sufficient to permit identification of the unnamed defendants after reasonable discovery. We therefore see no basis to set aside the district court's ruling on this point. In any event, we also conclude that Roe did not adequately plead that any unnamed defendant violated his constitutional rights. On appeal, he argues a violation of his right to due process and equal protection under the Fourteenth Amendment; the other claims are abandoned. The amended complaint alleges simply that the state employees failed to use "due care" and were "negligent" in carrying out

their duties. "[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *see Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). And a mistake or lack of due care by state employees in a particular circumstance does not establish invidious or irrational treatment that could violate the Equal Protection Clause. *Cent. Airlines, Inc. v. United States*, 138 F.3d 333, 335 (8th Cir. 1998). Accordingly, we affirm the district court's dismissal of the § 1983 claims against the state employees in their individual capacities.

\*       \*       \*

The judgment of the district court is affirmed.

_____