**William DAVIS, Plaintiff-Appellant,**

v.

**Billy J. HOLDER, Defendant-Respondent.**

**No. 39214.**

Missouri Court of Appeals,
St. Louis District,
Division One.

June 20, 1978.

Cundiff, Turken & Londoff, Michael T. Londoff, St. Charles, for plaintiff-appellant.

Niedner, Moerschel, Ahlheim & Bodeux, Rollin J. Moerschel, St. Charles, for defendant-respondent.

McMILLIAN, Judge.

Appellant, Willaim Davis, appeals from the order of the circuit court of St. Charles County granting respondent, Billy Holder's motion to dismiss and dismissing appellant's petition.

On May 15, 1970, appellant, plaintiff below, along with plaintiffs, Joanne Davis, William and Judy Wegel and Cullie

and Mary Collins, filed a petition (suit # 1) against respondents, defendants below, Billy and Linda Holder, along with Lewis and Willie Mae Buschard and Richard Buschard, requesting a mandatory injunction be issued to remove the obstruction of a bridge constructed and maintained by defendants which impeded the flow of water and caused damage to plaintiff's property. By order of court, this suit was placed on the inactive docket on May 31, 1972, and was dismissed by court order on September 25, 1973.[1] On March 6, 1974, appellant filed a petition for actual and exemplary damages against respondent (suit # 2) for damages sustained to appellant's property as a result of the construction of the bridge. On October 2, 1975, appellant's petition was dismissed by appellant without prejudice. On September 16, 1976, appellant again filed a petition for actual and exemplary damages (suit # 3). Respondent filed a motion to dismiss this suit stating that appellant's petition was barred by Missouri Supreme Court Rule 67.01. In support of this motion, the defendant stated that on May 15, 1970, in suit number 1, the appellant asserted the same claim as herein asserted and the suit was dismissed by this court on September 25, 1973; that on March 6, in suit number 2, appellant asserted same as herein asserted and this suit was dismissed by appellant. Defendant further stated that neither of the prior dismissals was by stipulation of the parties or court order.

On February 25, 1977, respondent's motion to dismiss on appellant's petition was heard and granted. Appellant appeals.

■ Respondent maintains that Missouri Supreme Court Rule 67.01 applies. This rule states that a civil action may be dismissed by the plaintiff without prejudice and without order of court any time prior to the introduction of evidence. A party who once so dismisses an action and thereafter files another shall be allowed to dismiss the second without prejudice only (1) upon filing a stipulation to that effect signed by the opposing party, or (2) on order of the court made on a motion in which the ground for said dismissal shall be set forth. In suit number 1, the suit was dismissed by *order of court, not* by the plaintiff. The second suit filed was the only suit to be dismissed *by the plaintiff* and therefore rule 67.01 is inapplicable. The trial court erred in dismissing appellant's third suit in accordance with Rule 67.01 because it was the first suit voluntarily dismissed by the appellant.

Accordingly, judgment is reversed.

CLEMENS, P. J., and SMITH, J., concur.

1. The only question which must be decided is the effect of the lower court's dismissal of suit number one on appellant's later suits. At oral argument, however, counsel for respondent conceded that the court's dismissal was without prejudice. If counsel had not solved this problem, Mo.Sup.Ct. Rule 67.03 would provide the solution. This rule states that an involuntary dismissal other than one for lack of jurisdiction, for prematurity of action, for improper venue, or for failure to substitute a party for a decedent shall be with prejudice unless the court in its order for dismissal shall otherwise specify. This rule however, applies only to dismissal on motion, either by the court or the plaintiff, *after* notice and an opportunity to be heard. *Bindley v. Metropolitan Life Ins. Co.,* 358 Mo. 31, 213 S.W.2d 387 (1948). The facts in the *Bindley* case were similar to the facts at hand. The court in dismissing the petition for want of prosecution held:

"Notice and a hearing, or an opportunity to be heard, have long been considered essential to due process, to a decision on the merits of a cause and to the deprivation of rights and property." (213 S.W.2d at 391)

*Gladden v. Kansas City,* 411 S.W.2d 228, 229 (Mo. 1967); *Krieber v. Kreiber,* 420 S.W.2d 376, 379 (Mo. 1967). The court further stated that this holding does not require a motion by the defendant where the parties are before the court or where the plaintiff is in default for failure to appear for trial. Otherwise, a showing of notice to the plaintiff or his counsel of the proposed court action and an opportunity to be heard is required before dismissal for failure to prosecute shall be with prejudice and operate as an adjudication of the merits, even though the order of dismissal fails to state that the dismissal is without prejudice. 213 S.W.2d at 391. The first dismissal for failure to prosecute is not a bar to the appellant's subsequent action for damages. Under Rule 67.03, the appellant is permitted to voluntarily dismiss his action for damages and refile at a later time.