**Victor A. ARANA, Plaintiff–Appellant,**

**v.**

**Ronald S. REED, James H. Counts, Stephen J. Briggs, Tony Hawkins and Gail Hawkins, Defendants–Respondents.**

**No. WD 42548.**

Missouri Court of Appeals,
Western District.

Aug. 7, 1990.

Charles L. Wiest, Jr., St. Louis, for plaintiff-appellant.

David R. Buchanan, Stacey L. Rainey, Kansas City, for defendants-respondents Reed, Counts and Briggs.

Michael A. Walker, Kansas City, for defendants-respondents Tony and Gail Hawkins.

Before TURNAGE, P.J., and LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

This appeal stems from the dismissal of a malicious prosecution action. The trial court found the applicable two-year period

on the statute of limitations had run before suit was filed. The judgment is affirmed.

On June 8, 1989, Victor A. Arana, M.D. filed a two-count petition for damages asserting malicious prosecution claims. Count I was directed to Tony and Gail Hawkins who had been plaintiffs in a medical malpractice suit against Dr. Arana. Count II was directed to Ron Reed, an attorney who represented the Hawkinses in the above mentioned action, and his two law partners, Counts and Briggs.

Dr. Arana stated in his petition that a medical malpractice petition was filed against him on April 16, 1985, by the Hawkinses as plaintiffs. Their petition was dismissed without prejudice by attorney Reed. Subsequently, a second malpractice petition was filed on July 19, 1985, then again dismissed by attorney Reed without prejudice on June 13, 1986. The trial court entered an order of dismissal without prejudice on June 16, 1986.

On July 12, 1989, Reed, Counts and Briggs filed a motion to dismiss Dr. Arana's suit for failure to file within the two-year statute of limitations applicable to malicious prosecution claims and for failure to state a claim. Soon after, the Hawkinses filed a similar motion for failure to file within the statute of limitations. Dr. Arana filed memorandum's opposing both motions.

Reed, Counts and Briggs' motion to dismiss was called up for hearing on September 14, 1989. Dr. Arana did not make an appearance, nor did anyone on his behalf. After oral argument by the defendant's attorney, Dr. Arana's suit was dismissed with prejudice for failure to file within the statute of limitations. On September 28, 1989, the Hawkinses' motion was called up for hearing. On this occasion, Dr. Arana personally appeared and argued his position to the court. After denying a request to amend his petition, the court, following its prior logic, likewise dismissed suit against the Hawkinses. This appeal followed.

For economy, Dr. Arana's first three points will be combined and disposed of as one. He argues the trial court erred in finding that the two-year statute of limitations for malicious prosecution began to run in June 1986, instead of using the Missouri savings clause to extend its inception to June 1987. This purported error resulted in Dr. Arana's June 1989 filing as being out of time.

A dismissal is authorized if it appears from the petition that the applicable statute of limitations has expired. *Gaines v. Monsanto Co.*, 655 S.W.2d 568, 569 (Mo.App. 1983). In the instant case, Dr. Arana's June 8, 1989 petition stated inter alia that on April 16, 1985, the Hawkinses, through their attorneys Reed, Counts and Briggs, filed a law suit alleging medical malpractice. This suit was later dismissed without prejudice by attorney Reed. The petition further stated that on July 19, 1985, a second suit, based on the same cause of action was filed by Reed, Counts and Briggs for the Hawkinses. This suit, too, was dismissed without prejudice on June 13, 1986, by attorney Reed. This information coupled with Rule 67.01 concerning voluntary dismissals is enough to support the trial court's order.

Rule 67.01 governing voluntary dismissals states "[a] party who has once ... dismissed a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only (1) upon filing a stipulation to that effect signed by the opposing party; or (2) on order of the court made on motion in which the ground for said dismissal shall be set forth."

Dr. Arana urges this rule is not applicable here since the trial court entered an order of dismissal without prejudice subsequent to attorney Reed's voluntary dismissal of the second suit. He contends this order instead puts into effect the Missouri savings clause, § 516.230 RSMo, 1986, giving the Hawkinses another year to re-file their suit. However, the record is silent as to this order of dismissal without prejudice. Moreover, no motion setting forth the ground for dismissal as required by Rule 67.01 has ever been produced. There being insufficient evidence in the record, the June 13 dismissal by attorney Reed will be treat-

ed as and deemed a dismissal with prejudice, ending all litigation in this matter.

 A cause of action accrues and limitations begin to run when the right to sue arises. *Chambers v. Nelson*, 737 S.W.2d 225, 226 (Mo.App.1987). A claim for malicious prosecution arises when the underlying proceeding forming the basis of the claim terminates in the plaintiff's favor. *Turman v. Schneider Bailey, Inc.*, 768 S.W.2d 108, 112 (Mo.App.1988). Termination is effected by a final judgment on the merits, a dismissal by the court with prejudice, or by abandonment of the action. *Stix and Co., Inc. v. First Missouri Bank and Trust Co. of Creve Coeur*, 564 S.W.2d 67, 70 (Mo.App.1978). In this case, it is clear the Hawkinses' malpractice claim was abandoned by the voluntary dismissal of the second petition. Pursuant to Rule 67.-01, the cause of action was forever terminated on June 13, 1986—there could be no re-filing. Therefore, Dr. Arana's right to sue for malicious prosecution and the inception of the statute of limitations began on June 13, 1986. He had two years to file his claim, which he did not do. His June 8, 1989 filing was nearly one full year too late. The trial court properly dismissed Dr. Arana's petition as out of time.

 Dr. Arana's final point claims the trial court erred by not allowing him leave to amend his petition. However, there is no showing that an amended petition would help his cause—there is no dispute as to the dispositive dates and no plausible additional facts which would help bring his malicious prosecution filing within the statute of limitations. Denial of a leave to amend is not an abuse of discretion where there is a failure to show any additional facts which would circumvent the statute of limitations. *Knipmeyer v. Spirtas*, 750 S.W.2d 489, 491 (Mo.App.1988).

The judgment is affirmed.