**Joseph BURIAN, Appellant,**

v.

**COUNTRY INSURANCE AND FINANCIAL SERVICES, Respondent.**

**No. ED 90689.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 16, 2008.

Gerald M. Dunne, Clayton, MO, for appellant.

David T. Butsch, St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Joseph Burian ("Burian") appeals from the trial court's judgment granting Country Insurance & Financial Services' ("Country") motion for summary judgment asserting Burian's claim was barred by Rule 67.02(a). Burian argues the trial court erred in granting Country's motion for summary judgment because the dismissal of his prior suit on February 26, 2007 was without prejudice and was not an adjudication on the merits. We reverse and remand.

This identical cause of action has been the subject of four previous lawsuits seeking uninsured motorist benefits for injuries Burian sustained in an automobile accident. All four of these previous lawsuits were dismissed. The information in the record regarding the four previous suits is as follows:

Suit 1—December 20, 2004, with leave of the court, Burian voluntarily dismissed his suit without prejudice from the Circuit Court of St. Louis County.

Suit 2—April 24, 2006, Burian's motion for the voluntary dismissal of his suit without prejudice was granted by the Circuit Court of St. Clair County, Illinois.

Suit 3—June 20, 2006, the United States District Court for the Eastern District of Missouri dismissed his suit for lack of subject matter jurisdiction.

Suit 4—February 26, 2007, the Circuit Court of St. Louis County dismissed his suit for failure to prosecute.

On March 16, 2007, Burian filed a fifth suit against Country making claims identical to those made in the previous four lawsuits.

In its motion for summary judgment, Country argued the present action was barred by Rule 67.02(a)(2) because the dis-

missal of Suit 4 for failure to prosecute operated as a dismissal with prejudice. Country also noted the matter had been voluntarily dismissed on two previous occasions. Further, Country argued the suit was prohibited by the doctrines of collateral estoppel and *res judicata*. In response, Burian argued Suit 4 had been involuntarily dismissed for failure to prosecute, and therefore, the fifth action was not barred by Rule 67.

The trial court granted Country's motion for summary judgment. This appeal follows.

Our review of the grant of a motion for summary judgment is essentially *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of initially sustaining the motion. *Id.* The propriety of summary judgment is purely an issue of law. *Id.*

To be entitled to summary judgment, the moving party must establish that it is entitled to judgment as a matter of law and that there is no genuine dispute as to the material facts. *Id.* at 380. We are to affirm the trial court's grant of summary judgment if it could have been based on any ground raised in the motion and supported by the summary judgment record. *Missouri Employers Mut. Ins. Co. v. Nichols*, 149 S.W.3d 617, 623 (Mo.App. W.D.2004). However, as an appellate court, we are limited to considering the same information that the trial court considered in rendering its decision on the motion for summary judgment. *Smith v. Hammons*, 63 S.W.3d 320, 324 (Mo.App. S.D.2002).

In his sole point, Burian argues the trial court erred in granting Country's motion for summary judgment because the dismissal of Suit 4 was without prejudice for failure to prosecute and was not an adjudication on the merits.

■ Burian argues that in granting Country's motion for summary judgment the trial court ignored the distinction made in Rules 67.02 and 67.03 between voluntary and involuntary dismissals. Rule 67.03 provides, in pertinent part: "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." Burian argues the dismissal of Suit 4 was not a voluntary act undertaken by him, but rather was ordered by the court. Therefore, Burian contends the dismissal of Suit 4 does not constitute a dismissal with prejudice under Rule 67.02.

Country argues the dismissal of Suit 4 for failure to prosecute operated as a dismissal with prejudice. In support of this argument, Country notes Rule 67.02(a) provides in pertinent part:

A party who once so dismisses a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only:

(1) Upon filing a stipulation to that effect signed by the opposing party, or

(2) On order of the court made on motion in which the ground for dismissal shall be set forth.

However, we find the trial court improperly applied Rule 67.02(a) to the dismissal of Suit 4, which was by the court and was without prejudice for failure to prosecute. Only voluntary dismissals are relevant to the court's application of Rule 67.02(a) in this case. In *Davis v. Holder*, 568 S.W.2d 565, 566 (Mo.App. E.D.1978), the court construed essentially the same rule as the current Rule 67.02(a) and found the third filing of the same cause of action had been

improperly dismissed. In that case, the suit had been previously voluntarily dismissed by the plaintiff only once. *Id.* In interpreting the rules, the court found the other previous dismissal, an involuntary dismissal for failure to prosecute, was not relevant to its analysis because the rule it was applying only dealt with voluntary dismissals. *Id.*

In this case, according to the summary judgment record, the dismissal of Suit 4 for failure to prosecute was an involuntary dismissal by the court and was without prejudice. The same action had been previously voluntarily dismissed without prejudice in Suit 1 and had been involuntarily dismissed by the court for lack of subject matter jurisdiction in Suit 3. The trial court incorrectly applied Rule 67.02 to the involuntary dismissal of Suit 4 by the court for failure to prosecute. Neither the involuntary dismissal of Suit 3 nor Suit 4 affected Burian's ability to refile his claim.

Country also argues in its brief and at oral argument that Burian had voluntarily dismissed his case twice in Suit 1 and Suit 2 without a stipulation signed by the opposing party and without an order of the court made on a motion in which the ground for dismissal was set forth. Therefore, Country argued essentially that the dismissal in Suit 2 operated as a dismissal with prejudice under Rule 67.02(a) barring any further refilings of Burian's suit.

Because we affirm the trial court's grant of summary judgment if it could have been based on any ground raised in the motion and supported by the summary judgment record, we must determine whether the issue of the dismissal of Suit 2 was raised in the motion for summary judgment and supported by the summary judgment record.

Country's motion for summary judgment noted in passing that the suit had been previously voluntarily dismissed on two occasions; however, Country focused its arguments in its motion for summary judgment on the legal effect of the dismissal of Suit 4.

██ Even if we charitably conclude Country did sufficiently raise the issue of the dismissal of Suit 2 in its motion for summary judgment, Country still had to establish it was entitled to judgment as a matter of law, and it failed to do that with respect to the dismissal of Suit 2. Country only asserted the case had been previously voluntarily dismissed on two occasions. That bare fact does not entitle Country to judgment as a matter of law. Rule 67.02(a) makes it possible for a plaintiff to execute multiple voluntary dismissals without prejudice so long as the dismissals comply with the provisions of Rule 67.02(a).

As noted above, we are limited to considering the same information that the trial court considered in rendering its decision on the motion for summary judgment. We note Burian's motion for voluntary dismissal without prejudice filed in the Circuit Court of St. Clair County, Illinois and the Circuit Court of St. Clair County's order dismissing the case were not part of the record before the trial court in this case. Therefore, based on the record before us, we are unable to determine whether the dismissal of Suit 2 was in compliance with Rule 67.02(a). Country has failed to prove the dismissal of Suit 2 acted as a dismissal with prejudice barring any further filings of the same cause of action.

Therefore, Country has failed to prove it was entitled to judgment as a matter of law, and the trial court erred in granting summary judgment in favor of Country.[1] Point granted.

---

**1.** We note also that Country was not entitled to summary judgment on the grounds of col-

The judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

CLIFFORD H. AHRENS, J. and SHERRI B. SULLIVAN, J., concur.

lateral estoppel or *res judicata*. The doctrine of collateral estoppel requires that the issue was fully and fairly litigated, that the issue was essential to the earlier judgment, and that the earlier judgment be final and binding on the party against whom it is asserted. *Sexton v. Jenkins & Associates, Inc.*, 152 S.W.3d 270, 273 (Mo. banc 2004). Dismissal without prejudice usually is not an adjudication on the merits of the claim and does not affect the plaintiff's right to refile the action. *Id.* The issue in this case was never litigated. Further, Country is not entitled to relief on the grounds of *res judicata* because *res judicata* also requires an adjudication on the merits. *Romeo v. Jones*, 86 S.W.3d 428, 432 (Mo.App. E.D.2002).