**Russell CLARK and Bart Mantia,
Plaintiffs/Appellants,**

v.

**Gregory KINSEY,
Defendant/Respondent.**

**No. ED 98718.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 11, 2013.

Rehearing Denied July 24, 2013.

John Pawloski, St. Louis, MO, for appellant.

Michael Clithero, St. Louis, MO, for respondent.

LISA S. VAN AMBURG, Judge.

## INTRODUCTION

Russell Clark and Bart Mantia appeal from the judgment of the trial court granting Gregory Kinsey's motion for summary judgment asserting Clark's and Mantia's claims were barred on the basis of *res judicata*. We reverse and remand.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 2007, Clark, Mantia, and Kinsey formed a corporation known as Three Wine Guys, Inc. On July 20, 2009, Clark filed an action against Kinsey in small claims court alleging damages due to a breach of a shareholder's agreement in the amount of $2,800.00. Thereafter, Kinsey filed a counterclaim for unpaid wages. On August 25, 2009, Clark voluntarily dismissed his claim without prejudice against Kinsey and Kinsey voluntarily dismissed his counterclaim without prejudice against Clark. On June 10, 2010, Clark and Mantia filed an action against Kinsey in small claims court alleging damages due to a breach of a shareholder's agreement in the amount of $3,000.00. On July 15, 2010, Clark and Mantia voluntarily dismissed their claim without prejudice. On March 4, 2011, Clark and Mantia filed a petition in circuit court against Kinsey alleging unjust enrichment, breach of a shareholder's agreement, breach of contract, and contribution in an amount in excess of $25,000.00. On March 21, 2011, Kinsey filed a motion for summary judgment asserting the small claims court actions had *res judicata* effect on the present case. The circuit court agreed and granted summary judgment in favor of Kinsey on the basis of *res judicata*. Clark and Mantia appeal.

## STANDARD OF REVIEW

Our review of the grant of a motion for summary judgment is essentially *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety

1. Kinsey's motion to strike Clark and Mantia's brief and dismiss the appeal is denied.

of initially sustaining the motion. *Id.* The propriety of summary judgment is purely an issue of law. *Id.* Because the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *Id.*

▇▇▇ To be entitled to summary judgment, the moving party must establish it is entitled to judgment as a matter of law and that there is no genuine dispute as to the material facts. *Id.* at 380. We are to affirm the trial court's grant of summary judgment if it could have been based on any ground raised in the motion and supported by the summary judgment record. *Burian v. Country Ins. and Financial Services,* 263 S.W.3d 785, 787 (Mo.App. E.D.2008). However, as an appellate court, we are limited to considering the same information the trial court considered in rendering its decision on the motion for summary judgment. *Id.*

## DISCUSSION

▇▇ Clark and Mantia contend the trial court erred in granting summary judgment in favor of Kinsey on the basis of *res judicata.* We agree.

▇▇▇ Small claims court judgments have *res judicata* effect. *Doherty v. McMillen,* 805 S.W.2d 361, 362 (Mo.App. E.D.1991). *Res judicata* means "a thing adjudicated" and is a common law doctrine that precludes relitigation of a claim formerly made. *Chesterfield Village v. City of Chesterfield,* 64 S.W.3d 315, 318 (Mo. banc 2002). *Res judicata* prevents a party from relitigating issues judicially determined in a previous action. *Barnett v. Mullen,* 125 S.W.3d 896, 899 (Mo.App. E.D.2004). *Res judicata* operates as a bar to the reassertion of a cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them. *Dodson v. City of Wentzville,* 133 S.W.3d 528, 538 (Mo.App. E.D.2004). *Res judicata* requires an adjudication on the merits. *Romeo v. Jones,* 86 S.W.3d 428, 432 (Mo.App. E.D.2002). Accordingly, *res judicata* can be applied only when a final judgment on the merits has been rendered involving the same claim sought to be precluded in the cause in question. *Dodson,* 133 S.W.3d at 538.

A review of the procedural history of the two actions brought in small claims court fails to establish there was a final judgment on the merits rendered in either of the two small claims court actions. Although the record reflects hearings were held, no judgments were rendered in either action. A judgment is considered rendered when entered and is entered when a writing signed by a judge and denominated "judgment" or "decree" is filed. Rule 74.01(a); *Coleman v. Meritt,* 324 S.W.3d 456, 459 (Mo.App. S.D.2010). A judgment may be a separate document or included on the docket sheet of the case. Rule 74.01(a); *Temares v. LSK Lebanon, Inc.,* 342 S.W.3d 331, 333 (Mo.App. S.D. 2011).

Here, there is no document signed by a judge and denominated a judgment. Nor is there a docket entry denominated a judgment. The only documents or entries on the docket sheet regarding the two small claims court cases are a voluntary dismissal without prejudice by Clark of his claim and a voluntary dismissal without prejudice by Kinsey of his counterclaim in the first small claims court action and the voluntary dismissal without prejudice by Clark and Mantia of their claim against Kinsey in the second small claims court action. We find no final judgment on the merits has been rendered involving the same claim sought to be precluded in the cause in question. Therefore, the doctrine of *res judicata* cannot be applied.

The trial court's grant of summary judgment on the basis of *res judicata* is not supported by the summary judgment record. Accordingly, the trial court erred in granting summary in favor of Kinsey on the ground of *res judicata*. Point granted.

## CONCLUSION

The judgment of the trial court is reversed and the case remanded.

KATHIANNE KNAUP CRANE, P.J. and MARY K. HOFF, J., concur.