

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| RUSSELL CLARK AND BART MANTIA, | ) | No. ED102874 |
| | ) | |
| Appellants, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 11SL-AC02801-01 |
| | ) | |
| GREGORY KINSEY, | ) | Honorable Dale W. Hood |
| | ) | |
| Respondent. | ) | Filed: May 3, 2016 |

Russell Clark and Bart Mantia appeal the grant of summary judgment in favor of Gregory

Kinsey on the six counts in their August 22, 2011 petition filed in circuit court and the denial of

their motion for leave to amend the petition. The six counts in the petition related to Kinsey's

alleged failure to pay his share of monies owed pursuant to a shareholders' agreement entered

into by Clark, Mantia, and Kinsey. We affirm in part and reverse and remand in part.

### I.     BACKGROUND

In 2007, Clark, Mantia, and Kinsey formed a company known as the Three Wine Guys,

Inc., and the parties dissolved the company in 2008. As explained below, this case has a lengthy

procedural posture and involves three different lawsuits by Clark and/or Mantia against Kinsey.

### A.     The First Lawsuit Against Kinsey and Kinsey's Counterclaim

The first lawsuit, filed by Clark against Kinsey in the small claims division on July 20,

2009 and seeking damages in the amount of $2,800, alleged:

In January of 2008, we dissolved a partnership between [ ] Clark, [ ] Mantia, and [ ] Kinsey. We had a shareholders' agreement between the three of us for payments due on a bank note which [ ] Kinsey owes late payments. There is also the matter of pending bills from the business which [Kinsey] has not paid on. [Kinsey] has never made payments on time as required in the signed agreement.

("2009 small claims petition").

Thereafter, Kinsey filed a counterclaim against Clark for unpaid wages. Although Clark is the only plaintiff listed on the caption of the 2009 small claims petition, Mantia, along with Clark and Kinsey, appeared in the small claims division on or about August 24 or 25, 2009. After the parties appeared, Clark voluntarily dismissed his 2009 small claims petition against Kinsey without prejudice, and Clark's signature is the only one on the dismissal. In addition, Kinsey voluntarily dismissed his counterclaim against Clark without prejudice.

**B.      The Second Lawsuit Against Kinsey**

The second lawsuit, filed by Clark and Mantia against Kinsey in the small claims division on June 10, 2010 and seeking damages in the amount of $3,000, alleged:

This is the second time in claims court against [Kinsey]. [Kinsey] has decided not to abide by his signed shareholders' agreement. In Jan[uary] 2008, we dissolved a business. All three partners agreed to pay the outstanding debt to our bank for the loan as well as Best Buy. [Kinsey] has decided not to pay his third of the outstanding balances which he is personally guaranteed. [ ] Mantia and [Clark] have had to make up [Kinsey's] [s]hare of the bank payment as well as Best Buy to maintain [their] current credit status.

("2010 small claims petition"). Subsequently, Clark and Mantia voluntarily dismissed their 2010 small claims petition against Kinsey without prejudice.

**C.      The Third Lawsuit Against Kinsey, the Prior Appeal, and the Instant Appeal**

On January 19, 2011, Clark and Mantia filed the third lawsuit against Kinsey in the Circuit Court of St. Louis County. Clark and Mantia's original petition requested damages in an amount not in excess of $25,000, and the case was assigned to an associate circuit judge.

2

After apparently being granted leave to amend their petition, Clark and Mantia filed an amended petition against Kinsey in the Circuit Court of St. Louis County on August 22, 2011 ("August 2011 circuit court petition"). The August 2011 circuit court petition brought six counts against Kinsey relating to his alleged failure to pay his share of monies owed pursuant to the shareholders' agreement entered into by Clark, Mantia, and Kinsey. Counts I, III, and V were brought by Clark, and Counts II, IV, and VI were brought by Mantia. Counts I and II, causes of action for unjust enrichment, alleged Kinsey received benefits from loans from Best Buy and Montgomery Bank and failed to reimburse Clark and Mantia for the monies he owed. Counts III and IV, causes of action for breach of the shareholders' agreement, alleged Kinsey failed to make repayments of all jointly held debts pursuant to the agreement. And Counts V and VI, causes of action for contribution, alleged Kinsey owed Clark and Mantia for their payment of Kinsey's debts.

The August 2011 circuit court petition requested damages in an amount in excess of $25,000 including attorney's fees and costs. In response, Kinsey filed an answer containing an "affirmative defense" asserting Plaintiffs were seeking an award of damages which was greater than the monetary limits of a case before an associate circuit judge.[1]

On March 21, 2012, Kinsey filed a motion for summary judgment asserting he was entitled to judgment as a matter of law on the counts in the August 2011 circuit court petition

---

[1] Kinsey's answer does not cite to any authority in support of his alleged affirmative defense; however, we presume he may have been attempting to rely on section 517.011.1(1) RSMo 2000. *See* section 517.011.1(1) RSMo 2000 (providing Chapter 517 applies "to the practice and procedure in civil cases originally filed before associate circuit judges in hearing and determining . . . all civil actions and proceedings for the recovery of money . . . when the sum demanded, exclusive of interest and costs, does not exceed twenty-five thousand dollars"); *Mogley v. Fleming*, 11 S.W.3d 740, 746, 746 n.3 (Mo. App. E.D. 1999) ("[s]ection 517.011.1 [RSMo 1994] . . . provides a monetary limitation for cases where the procedural rules of Chapter 517 will apply"). There is nothing in the record on appeal indicating the trial court ever affirmatively ruled on Kinsey's alleged affirmative defense, and the parties and trial court made subsequent filings and rulings relating to the August 2011 circuit court petition, including the motion for summary judgment at issue in this appeal. In addition, Kinsey's alleged affirmative defense was not discussed by our Court in the prior appeal of this case. *See Clark v. Kinsey*, 405 S.W.3d 551, 552-54 (Mo. App. E.D. 2013). Because the issue has also not been raised in this appeal, we need not decide whether there is any potential validity to Kinsey's affirmative defense based on the alleged damages exceeding $25,000.

because the small claims actions had a res judicata effect. The trial court granted summary judgment in favor of Kinsey on that basis, and Clark and Mantia appealed. *Clark v. Kinsey*, 405 S.W.3d 551, 552 (Mo. App. E.D. 2013). This Court reversed the trial court's judgment and remanded the case, issuing its mandate on August 20, 2013 and holding "[t]he trial court's grant of summary judgment on the basis of res judicata [was] not supported by the summary judgment record." *Id*. at 554 (emphasis omitted).

This brings us to the procedural posture immediately preceding the instant appeal. On May 20, 2014, Clark and Mantia filed a motion for leave to amend their August 2011 circuit court petition. The motion for leave sought additional damages in excess of $25,000 for legal fees arising out of the first appeal. The trial court denied the motion for leave to amend.[2]

Thereafter, Kinsey filed a second motion for summary judgment, alleging he was entitled to judgment as a matter of law on the counts in the August 2011 circuit court petition because, (1) the counts were barred by Rule 67.02[3]; and (2) the counts were barred by the doctrine of accord and satisfaction. The trial court granted Kinsey summary judgment on the first basis only, finding he was entitled to judgment as a matter of law because Clark and Mantia's counts were barred by Rule 67.02.[4] Clark and Mantia appeal.

## II. DISCUSSION

Clark and Mantia raise two points on appeal. In their first point on appeal, they assert the trial court erred in granting Kinsey summary judgment on the counts in their August 2011 circuit court petition. In their second point on appeal, they contend the trial court erred in denying them leave to amend their August 2011 circuit court petition.

---

[2] Further details regarding the motion for leave to amend the August 2011 circuit court petition and the trial court's decision denying the motion will be discussed below in Section II.B.

[3] Unless otherwise indicated, all references to Rules are to the Missouri Supreme Court Rules of Civil Procedure (2015).

[4] Further details regarding Kinsey's motion for summary judgment and the trial court's decision granting the motion will be discussed below in Section II.A.

4

**A.      The Trial Court's Grant of Summary Judgment**

Clark and Mantia's first point on appeal asserts the trial court erred in granting Kinsey summary judgment on the counts in their August 2011 circuit court petition.

Summary judgment is reviewed essentially de novo and affirmed only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). An appellate court reviews the record in the light most favorable to the party against whom judgment was entered. *Id.* Moreover, "[w]e are to affirm the trial court's grant of summary judgment if it could have been based on any ground raised in the motion and supported by the summary judgment record." *Burian v. Country Ins. and Financial Services*, 263 S.W.3d 785, 787 (Mo. App. E.D. 2008).

One way a defendant may establish he is entitled to summary judgment is by showing facts necessary to support a properly-pleaded affirmative defense which bars the plaintiff's causes of action. *Roberts v. BJC Health System*, 391 S.W.3d 433, 437 (Mo. banc 2013); *see Leavitt v. Kakadiaris*, 452 S.W.3d 235, 242-43 (Mo. App. E.D. 2014). Here, Kinsey's motion for summary judgment alleged he was entitled to judgment as a matter of law because the counts in Clark and Mantia's August 2011 circuit court petition were barred by the affirmative defense set forth in Rule 67.02 and the affirmative defense of accord and satisfaction. *See Arana v. Reed*, 793 S.W.2d 224, 225-26 (Mo. App. W.D. 1990) (finding a count in a petition is considered "abandoned," "forever terminated," and may not be re-filed under the circumstances set forth in the current version of Rule 67.02(a) and discussed below[5]); Rule 55.08 (providing a non-exclusive list of affirmative defenses and avoidances including accord and satisfaction); *Weltmer*

---

[5] The *Arana* decision referred to circumstances and language set forth in a former version of Rule 67.01; however, this relevant language is now found in the current version of Rule 67.02(a). *Compare Arana*, 793 S.W.2d at 225 and Rule 67.02(a); *see State ex rel. Fortner v. Rolf*, 183 S.W.3d 249, 253, 253 nn. 6, 7 (Mo. App. W.D. 2005) (explaining "the Supreme Court amended Rule 67.01, which is now Rule 67.02(a)" and setting forth the effective dates and language of each Rule).

5

*v. Signature Health Services Inc.*, 417 S.W.3d 856, 865 (Mo. App. E.D. 2014) (providing "[a]n accord and satisfaction is an affirmative defense"). As previously stated, the trial court granted Kinsey summary judgment on the first basis only, finding he was entitled to judgment as a matter of law because Clark and Mantia's counts were barred by Rule 67.02. Accordingly, we will first address whether that particular ruling was proper as to Clark and Mantia.

### 1.      Rule 67.02

An examination of whether Rule 67.02 bars Clark and Mantia's counts against Kinsey requires us to interpret Missouri Supreme Court Rules and statutory provisions, a process which involves questions of law, de novo review, and similar principles. *State v. Ford*, 351 S.W.3d 236, 238 (Mo. App. E.D. 2011); *Lorenzini v. Short*, 312 S.W.3d 467, 470 (Mo. App. E.D. 2010). "Our primary role in interpreting Missouri Supreme Court Rules and statutes is to ascertain the intent of the Supreme Court and legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *Lorenzini*, 312 S.W.3d at 470. "Provisions involving the same subject matter are to be construed together." *Vogt v. Emmons*, 181 S.W.3d 87, 96 (Mo. App. E.D. 2005); *see Ford*, 351 S.W.3d at 238.

Because Rules 67.01 and 67.02 both contemplate dismissals without prejudice, we will construe them together. *Vogt*, 181 S.W.3d at 96; *see Ford*, 351 S.W.3d at 238. Rule 67.01 provides in pertinent part: "A dismissal without prejudice permits the party to bring another civil action for the same cause, *unless the civil action is otherwise barred*." (emphasis added). In addition, Rule 67.02 states in relevant part:

> (a) Except as provided in Rule 52 [which does not apply in this case], a civil action may be dismissed by the plaintiff without order of the court anytime:
> (1) Prior to the swearing of the jury panel for the voir dire examination, or
> (2) In cases tried without a jury, prior to the introduction of evidence at the trial.
>
> *A party who once so dismisses a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only:*

6

*(1) Upon filing a stipulation to that effect signed by the opposing party, or*
*(2) On order of the court made on motion in which the ground for dismissal shall be set forth.*

. . .

(d)  If a plaintiff who has once dismissed a civil action in any court commences a *civil action based upon* or including *the same claim against the same defendant*, the court may make an order for the payment of any unpaid costs of the civil action previously dismissed.

(emphasis added).

Construing the language of Rules 67.01 and 67.02 together, we hold a civil action is barred when the following four elements are established: (1) a party voluntarily dismisses an initial civil action without prejudice; (2) the party thereafter files a second civil action based upon the "same claim" against the same defendant; (3) the party then voluntarily dismisses the second civil action without prejudice; and (4) the party does not file a stipulation to the dismissal signed by the opposing party or there is no order of the court made on the motion in which the ground for dismissal is set forth.  *See* Rule 67.01; Rule 67.02(a) and (d); *Burian*, 263 S.W.3d at 787 (holding "[o]nly voluntary dismissals are relevant to the court's application of Rule 67.02(a)"); *Arana*, 793 S.W.2d at 225-26 (implicitly finding a count in a petition is considered "abandoned," "forever terminated" and may not be re-filed under similar circumstances).

In this case, the trial court effectively found the above-stated four elements were met, and therefore, the six counts in Clark and Mantia's August 2011 circuit court petition were barred by Rule 67.02 and Kinsey was entitled to judgment as a matter of law.  Clark and Mantia assert the trial court's decision was erroneous because, (a) Rule 67.02 does not apply to small claims cases; and (b) if Rule 67.02 does apply to small claims cases, the Rule did not apply to Clark and Mantia's counts in their August 2011 circuit court petition.

### a.    Whether Rule 67.02 Applies to Small Claims Cases

Clark and Mantia argue Rule 67.02 does not apply to the dismissals of the 2009 small claims petition and the 2010 small claims petition without prejudice, because subsections (3) and

7

(7) of section 482.310 RSMo 2000[6] exempt small claims cases from a strict application of the

Missouri Rules of Civil Procedure.

Section 482.310 governs procedure in small claims divisions and provides in relevant

part:

> (3) Proceedings shall be conducted in an informal summary manner, and the
> formal rules of evidence and procedure shall not apply.
> . . .
> (7) The provisions of [this statute] shall be liberally construed and applied to
> effectuate the purposes of the act.

Clark and Mantia assert the "plain meaning of [section] 482.310(3) [ ] clearly states that the

Missouri Rules of Civil Procedure do not apply to small claims [ ] cases." We disagree, finding

such an interpretation is unreasonable in light of the Missouri Supreme Court's promulgation of

Rules 140 through 152[7] after section 482.310 was enacted and last amended.[8] *Hamrick ex rel.*

*Hamrick v. Affton School Dist. Bd. of Educ.*, 13 S.W.3d 678, 680 (Mo. App. E.D. 2000)

("[c]ourts should avoid interpretations that are unjust, absurd, or unreasonable").

"Rules 140 through 152 govern all civil actions pending in the small claims division of

the circuit court." Rule 140.01. Rules 140 through 152 were promulgated pursuant to the

authority granted to the Missouri Supreme Court by Article V, Section 5 of the Missouri

Constitution. Rule 140.02. Article V, Section 5 of the Missouri Constitution states the Missouri

Supreme Court "may establish rules relating to practice, procedure and pleading for all courts

and administrative tribunals, which shall have the force and effect of law" and "[t]he rules shall

not change substantive rights." "Where such a rule adopted by th[e] [Missouri Supreme] [C]ourt

under the express authority of the constitution is inconsistent with a statute and has not been

---

[6] All references to section 482.310 are to RSMo 2000.

[7] All references to Rules 140 through 152 are to the Missouri Supreme Court Rules of the Small Claims Division of the Circuit Court (2015).

[8] The Missouri Supreme Court adopted Rules 140 through 152 in 1987 and they were effective in 1988. *See generally* Rule 140.01. Section 482.310 was enacted in 1976 and was last amended effective 1979. *See* section 482.310.

8

annulled or amended by later enactment of the legislature, the rule supersedes that statute." *State ex rel. Peabody Coal Co. v. Powell*, 574 S.W.2d 423, 426 (Mo. banc 1978).

Rule 140.05 states:

> If no procedure is provided by these Rules [140 through 152], the small claims division shall proceed in a manner consistent with the practice and procedure in the associate circuit division in like situations but not inconsistent with these Rules 140 through 152.

Moreover, Rule 41.01(d) provides: "[c]ivil actions pending in the associate circuit division shall be governed by Rules 41 through 101 except where otherwise provided by law."

Because we can find no law which provides Rule 67.02 does not govern a civil action pending in the associate circuit division, the Rule applies to the 2009 small claims petition and the 2010 small claims petition so long as Rule 67.02 is not inconsistent with Rules 140 through 152. Appellants have not provided us with any controlling authority indicating Rule 67.02 is inconsistent with Rules 140 through 152, and this Court has found none. *See* Rules 140 through 152. Therefore, we hold Rule 67.02 applies to small claims cases including the ones at issue in this appeal. *See Hutchison v. Vandenburg*, 90 S.W.3d 229, 230 (Mo. App. W.D. 2002) (holding Rule 74.05(d) pertaining to denials of motions to set aside default judgments applied to a small claims case because there was "nothing in Rules 140 through 152 that is inconsistent with the small claims division's setting aside its default judgments pursuant to Rule 74.05(d)"). In addition, to the extent any language in section 482.310 is inconsistent with our holding, we find it has been superseded by the aforementioned Missouri Supreme Court Rules because the Rules have not been annulled or amended by later enactment of the legislature with respect to their application to the procedure in small claims cases. *See Powell*, 574 S.W.2d at 426.

### b.      Whether Rule 67.02 Applies to Clark and Mantia's Counts

Next, Clark and Mantia assert that even if Rule 67.02 does apply to small claims cases, the Rule does not apply to their counts in the August 2011 circuit court petition. As previously

9

stated, a civil action is barred when: (1) a party voluntarily dismisses an initial civil action without prejudice ("element one"); (2) the party thereafter files a second civil action based upon the "same claim" against the same defendant ("element two"); (3) the party then voluntarily dismisses the second civil action without prejudice ("element three"); and (4) the party does not file a stipulation to the dismissal signed by the opposing party or there is no order of the court made on the motion in which the ground for dismissal is set forth ("element four").  *See* Rule 67.01; Rule 67.02(a) and (d); *Burian*, 263 S.W.3d at 787; *Arana*, 793 S.W.2d at 225-26.  We will examine Clark and Mantia's counts separately.

### i.    Clark's Counts

Clark does not dispute element one was met when he voluntarily dismissed his 2009 small claims petition against Kinsey without prejudice, part of element two was met when Clark thereafter filed his 2010 small claims petition against Kinsey, element three was met when Clark voluntarily dismissed the 2010 small claims petition against Kinsey without prejudice, and element four was met because Clark did not file a stipulation to the dismissal signed by the opposing party and there was no order of the court made on the motion to dismiss.  In other words, Clark only argues Rule 67.02 does not apply to his counts in his August 2011 circuit court petition because part of element two was not met in that the three lawsuits against Kinsey were not based upon the "same claim."  We disagree.

Neither the term "claim" nor "same claim" is defined in Rule 67.02.  *See* Rule 67.02. Considering the plain and ordinary meaning of those words, we hold a "claim" is the "same" as another under Rule 67.02 if it arises out of the "same, act, contract, or transaction."  *See State ex rel., Agri-Trans Corp. v. Nolan*, 756 S.W.2d 203, 207 (Mo. App. E.D. 1988) ("[t]he modern test of a 'claim,' as embodied in the . . . Missouri Rules of Civil Procedure, is whether the 'claims' arise out of the 'same act, contract, or transaction'").  In addition, we broadly construe the term

10

"transaction" "to include all of the facts and circumstances which constitute the foundation of a claim." *Id.*

In this case, the 2009 small claims petition filed by Clark against Kinsey sought damages in the amount of $2,800 and alleged:

> In January of 2008, we dissolved a partnership between [ ] Clark, [ ] Mantia, and [ ] Kinsey. We had a shareholders' agreement between the three of us for payments due on a bank note which [ ] Kinsey owes late payments. There is also the matter of pending bills from the business which [Kinsey] has not paid on. [Kinsey] has never made payments on time as required in the signed agreement.

Next, the 2010 small claims petition filed by Clark and Mantia against Kinsey sought damages in the amount of $3,000 and alleged:

> This is the second time in claims court against [Kinsey]. [Kinsey] has decided not to abide by his signed shareholders' agreement. In Jan[uary] 2008, we dissolved a business. All three partners agreed to pay the outstanding debt to our bank for the loan as well as Best Buy. [Kinsey] has decided not to pay his third of the outstanding balances which he is personally guaranteed. [ ] Mantia and [Clark] have had to make up [Kinsey's] [s]hare of the bank payment as well as Best Buy to maintain [their] current credit status.

Finally, in the August 2011 circuit court petition, Clark brought three counts against Kinsey relating to his alleged failure to pay his share of monies owed pursuant to the shareholders' agreement entered into by Clark, Mantia, and Kinsey. Count I, a cause of action for unjust enrichment, alleged Kinsey received benefits from loans from Best Buy and Montgomery Bank and failed to reimburse Clark for the monies he owed. Count III, a cause of action for breach of the shareholders' agreement, alleged Kinsey failed to make repayments of all jointly held debts pursuant to the agreement. And Count V, a cause of action for contribution, alleged Kinsey owed Clark for their payment of Kinsey's debts.

The 2009 small claims petition and the 2010 small claims petition did not denominate the causes of action, the August 2011 circuit court petition asserted different and multiple causes of action, and all three lawsuits sought different amounts of damages. Nevertheless, after reviewing

11

the pleadings, we find the claims in the three lawsuits arose out of the same act, contract, or transaction, i.e., the same facts and circumstances which constitute the foundation of Clark's claims. Specifically, all three lawsuits related to Kinsey's alleged failure to pay his share of monies owed pursuant to a shareholders' agreement entered into by Clark, Mantia, and Kinsey. Because the three lawsuits against Kinsey were based upon the "same claim" and because Clark does not dispute the other elements of Rule 67.02 are met, Clark's counts against Kinsey (Counts I, III, and V) are barred by Rule 67.02. *See* Rule 67.01; Rule 67.02(a) and (d); *Burian*, 263 S.W.3d at 787; *Arana*, 793 S.W.2d at 225-26.

### ii.    Mantia's Counts

Mantia brought three counts against Kinsey in the August 2011 circuit court petition. Count II was a cause of action for unjust enrichment, Count IV was a cause of action for breach of the shareholders' agreement, and Count VI was a cause of action for contribution, and the counts were virtually identical to Clark's Counts I, III, and V. For the reasons discussed in the preceding section, Mantia's Counts II, IV, and VI were based on the same claim as the claim he raised in the 2010 small claims petition.

Mantia asserts Rule 67.02 does not apply to his Counts II, IV, and VI because he was not a party-plaintiff to the 2009 small claims petition. For the reasons discussed below, we agree.

Clark was the only plaintiff listed on the 2009 small claims petition and Clark's signature is the only one on the voluntary dismissal of the petition without prejudice. Although Kinsey urges us to apply Rule 67.02 to Mantia because he allegedly was a party "in privity" with Clark, we decline to do so pursuant to the plain and ordinary language of Rule 67.02 which provides in relevant part:

> (a) . . . a civil action may be dismissed by the *plaintiff* without order of the court anytime
> (1) Prior to the swearing of the jury panel for the voir dire examination, or
> (2) In cases tried without a jury, prior to the introduction of evidence at the trial.

A *party* who once so dismisses a civil action and thereafter files another civil action upon the same claim shall be allowed to dismiss the same without prejudice only [in two situations not applicable in this case]:

. . .

(d) If a *plaintiff* who has once dismissed a civil action in any court commences a civil action based upon or including the same claim against the same defendant, the court may make an order for the payment of any unpaid costs of the civil action previously dismissed.

(emphasis added). The Rule only refers to a "plaintiff" or "party" and does not refer to other persons who are in privity with the plaintiff or party. *See id.* Because Mantia was not a party-plaintiff to the 2009 small claims petition, he had a right to voluntarily dismiss his 2010 small claims petition against Kinsey without prejudice, and Rule 67.02 did not bar him from bringing the same claim against Kinsey in the counts in his August 2011 circuit court petition.

### c. Conclusion as to Rule 67.02

Based on the foregoing, Kinsey was entitled to judgment as a matter of law on Clark's counts in the August 2011 circuit court petition (Counts I, III, and V) based on Rule 67.02, and the trial court did not err in granting Kinsey summary judgment with respect to those counts. Accordingly, this portion of the trial court's judgment is affirmed. Because this holding is dispositive as to Clark's counts and his remaining points on appeal, any other rulings pertaining to him will not be discussed further in this opinion. However, Kinsey was not entitled to judgment as a matter of law on Mantia's counts in the August 2011 circuit court petition (Counts II, IV, and VI), and therefore, the trial court erred in granting Kinsey summary judgment as to those counts based upon Rule 67.02. We now must determine whether Kinsey's other stated ground in his motion for summary judgment, the doctrine of accord and satisfaction, bars Mantia's counts.

### 2. The Doctrine of Accord and Satisfaction

In Kinsey's motion for summary judgment, he asserted the doctrine of accord and satisfaction bars Mantia's counts in the August 2011 circuit court petition because after

13

appearing in court in the first lawsuit regarding Clark's 2009 small claims petition, (1) Mantia "agreed to file mutual voluntary dismissals to resolve the differences between them (the 'accord')"; and (2) Kinsey "then dismissed his counterclaim for performance of that agreement (the 'satisfaction')." For the reasons discussed below, we disagree.

As stated by the Western District:

An 'accord and satisfaction' contemplates an agreement between parties to give and accept something different from that claimed by virtue of the original obligation and both the giving and acceptance are essential elements. An 'accord' is an agreement for settlement of some previously existing claim by substituted performance. 'Satisfaction' is the performance of such agreement.

*Damon Pursell Const. Co. v. Missouri Highway and Transp. Com'n*, 192 S.W.3d 461, 475 (Mo. App. W.D. 2006) (quotations omitted). Accord and satisfaction may only result where a meeting of the minds occurs. *City of Cape Girardeau ex rel. Kluesner Concreters v. Jokerst, Inc.*, 402 S.W.3d 115, 124 (Mo. App. E.D. 2013). In addition, "[n]o accord and satisfaction exists unless payment is tendered on the express condition that it be accepted in full satisfaction of the claim, a condition which must be made clearly apparent to the creditor." *Id.* (emphasis and quotations omitted). The proponent of the affirmative defense has the burden of proof. *Damon Pursell Const. Co.*, 192 S.W.3d at 475. Although whether an accord and satisfaction has been reached by parties is generally a question of fact, our Court may determine whether a defendant is entitled to judgment as a matter of law on the doctrine if the facts are undisputed. *Cranor v. Jones Co.*, 921 S.W.2d 76, 77, 81 (Mo. App. E.D. 1996).

Here, Kinsey has failed to meet his burden of proving the affirmative defense of accord and satisfaction based on the undisputed facts in the record. Although Kinsey asserts Mantia agreed to file a voluntary dismissal of the 2009 small claims petition in exchange for Kinsey agreeing to file a voluntary dismissal of his counterclaim, the record reflects otherwise. Namely, the record demonstrates Mantia was not a party to the 2009 small claims petition, Mantia did not

14

sign the voluntary dismissal of the 2009 small claims petition, and Kinsey's counterclaim was against Clark only. Under these circumstances, we hold the parties could not have had a meeting of the minds to file mutual dismissals because neither one had an action against the other in the first small claims case as a matter of law. Accordingly, the doctrine of accord and satisfaction does not bar Mantia's counts in the August 2011 circuit court petition, and Kinsey is not entitled to judgment as a matter of law on that ground.

### 3.     Conclusion as to Whether Kinsey was Entitled to Summary Judgment

The trial court did not err in granting Kinsey summary judgment as to Clark's counts in the August 2011 circuit court petition based on Rule 67.02, and this portion of the trial court's judgment is affirmed. However, the trial court erred in granting Kinsey summary judgment as to Mantia's counts in the August 2011 circuit court petition based on Rule 67.02. In addition, Kinsey is not entitled to summary judgment as to Mantia's counts based on the doctrine of accord and satisfaction. Therefore, the trial court erred in granting Kinsey summary judgment with respect to Mantia's counts, and this portion of the trial court's judgment is reversed. Point one denied in part and granted in part.

## B.     The Trial Court's Denial of Leave to Amend

In Mantia's second point on appeal, he asserts the trial court erred in denying him leave to amend his August 2011 circuit court petition. For the reasons discussed below, we agree.

### 1.     Relevant Facts

In this case, after apparently being granted leave to amend their initial petition, Mantia filed the August 2011 circuit court petition requesting damages in an amount in excess of $25,000 including attorney's fees and costs. As set forth in detail in Section I.C. and footnote one, Kinsey's answer contained an "affirmative defense" asserting Mantia was seeking an award of damages which was greater than the monetary limits of a case before an associate circuit

15

judge. There is nothing in the record on appeal indicating the trial court ever affirmatively ruled on Kinsey's alleged affirmative defense, and the parties and trial court made subsequent filings and rulings relating to the August 2011 circuit court petition. In addition, Kinsey's alleged affirmative defense was not discussed by our Court in the prior appeal of this case, and it has not been raised by Clark and Mantia as an issue in this appeal. *See Clark*, 405 S.W.3d at 552-54.

In the first appeal of this case, this Court reversed the trial court's judgment and remanded the case, issuing its mandate on August 20, 2013. On May 20, 2014, Mantia filed a motion for leave to amend the August 2011 circuit court petition. The motion for leave sought additional damages in excess of $25,000 for legal fees arising out of the first appeal. In denying Mantia leave to amend, the trial court found that, *inter alia*, "[Mantia] failed to acknowledge or act with respect to [Kinsey's alleged affirmative defense]," and "[Mantia is] now seeking damages three years later in the current motion before the [c]ourt as a result of attorney's fees performed on the appeal and other legal work." In other words, in denying Mantia leave to amend, the trial court's decision apparently penalized him for allegedly failing to respond to Kinsey's affirmative defense set forth in his answer to the August 2011 circuit court petition.

## 2. Relevant Law

Although a plaintiff does not have an absolute right to file an amended petition, leave to amend a petition "shall be freely given when justice so requires." *Miles ex rel. Miles v. Rich*, 347 S.W.3d 477, 485 (Mo. App. E.D. 2011) (quoting Rule 55.33(a)). Our Court reviews the denial of leave to amend a petition for an abuse of discretion. *Sloan-Odum v. Wilkerson*, 176 S.W.3d 723, 725-26 (Mo. App. E.D. 2005). While a trial court has broad discretion in determining whether to grant a party leave to amend a pleading, "it is an abuse of discretion to not grant such leave when justice so requires." *Id*. at 725; *see also* Rule 55.33(a).

16

In deciding whether it is proper to grant leave to amend a petition, courts consider factors including, (1) hardship to the plaintiff if leave to amend is not granted; (2) the plaintiff's failure to include any new matters in the previous petition; (3) the timeliness of plaintiff's application; (4) whether the amendment could cure any defects of the previous petition; and (5) injustice to the defendant who opposes the motion. *Miles ex rel. Miles*, 347 S.W.3d at 485-86. "Prejudice is not measured by whether one party or the other would stand to suffer financial loss as a result of the court ruling." *Oak Bluff Condominium Owner's Ass'n, Inc. v. Oak Bluff Partners, Inc.*, 263 S.W.3d 714, 719 (Mo. App. S.D. 2008) (quotations omitted). "Instead, prejudice suffered by the non-moving party is measured by whether a party is deprived of a legitimate claim or defense because the motion for leave to amend caught that party by surprise after it had developed its strategy." *Id.* (quotations omitted).

### 3.    Analysis

In this case, we find Mantia will suffer a hardship by the trial court's failure to grant him leave to amend his August 2011 petition, especially given the ongoing nature of this case and a successful first and now second appeal. Although Mantia waited to seek leave to amend his August 2011 circuit court petition until nine months after the first appeal had been mandated, we find Kinsey will not suffer injustice or prejudice by the amendment. Because Mantia's August 2011 circuit court petition requested attorney's fees and costs, Kinsey was not caught by surprise regarding a further request of relief for legal fees arising out of the first appeal in the motion for leave to amend. In addition, we find no basis in the record nor in the law for the language in the trial court's denial of leave to amend which apparently penalized Mantia for allegedly failing to respond to Kinsey's affirmative defense set forth in his answer to the August 2011 circuit court petition. Under these circumstances, we hold the trial court should have granted Mantia leave to

17

amend his August 2011 circuit court petition, and the court's failure to do so was an abuse of discretion.

Our holding is consistent with one of the purposes of allowing a party to amend his pleadings, which is "to allow a party to present evidence that . . . was unknown at the time the original pleading was filed but without change in the original cause of action." *Gardner v. City of Cape Girardeau*, 880 S.W.2d 652, 656 (Mo. App. E.D. 1994). Here, Mantia did not know at the time of the August 2011 circuit court petition that there would be an appeal or he would be incurring legal fees arising out of the first appeal, and allowing Mantia to amend his petition in that fashion does not change his original causes of action.

Based on the foregoing, the cause is remanded to the trial court with directions to grant Mantia leave to amend his August 2011 circuit court petition. Point two granted as to Mantia.

### III.   CONCLUSION

The trial court's grant of summary judgment in favor of Kinsey on Clark's counts in the August 2011 circuit court petition (Counts I, III, and V) is affirmed. The trial court's grant of summary judgment in favor of Kinsey's on Mantia's counts in the August 2011 circuit court petition (Counts II, IV, and VI) is reversed. Finally, the trial court's decision denying Mantia leave to amend the August 2011 circuit court petition is reversed, and the case is remanded to the trial court with directions to grant Mantia leave to amend and for further proceedings consistent with this opinion.

_____
ROBERT M. CLAYTON III, Presiding Judge

Lawrence E. Mooney, J., and
James M. Dowd, J., concur.

18